**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JESSIE J. BARNES,

                              Plaintiff,

           - v -                               Civ. No. 9:13-CV-164
                                                          (GLS/RFT)

BRIAN FISCHER, *et al*.,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

JESSIE J. BARNES
Plaintiff, *Pro Se*
09-B-2707
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN            MELISSA A. LATINO, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     *Pro se* Plaintiff Jessie Barnes brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging various violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Dkt. No. 1, Compl. Barnes initially sued sixty-seven individual Defendants on various theories of liability, including, but not limited to, allegations that excessive force was used against him at Upstate Correctional Facility on nine different occasions, various Defendants failed to protect him and/or intervene on his behalf, while others exhibited deliberate

medical indifference, violated his due process rights, retaliated against him, and failed to train and/or supervise. *See generally id.*[1] Three of the Defendants, Brian Fischer, former-Commissioner of the Department of Corrections and Community Supervision ("DOCCS"), Joseph Bellinier, Deputy Commissioner of DOCCS, and Albert Prack, Director of Special Housing Unit Programs, have moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 94. Plaintiff opposes the Motion. Dkt. Nos. 124, 129, & 130. An Answer to the Complaint was filed on behalf of the remaining Defendants, Dkt. No. 95, and, upon that filing, this Court issued a Mandatory Pretrial Discovery and Scheduling Order, Dkt. No. 97.[2] Also pending before the Court is Plaintiff's Motion to Amend the Complaint, Dkt. No. 144, which Defendants oppose, Dkt. No. 150. For the reasons that follow, it is ordered that Plaintiff's Motion to Amend is **granted in part and denied in part** and it is recommended that Defendants' Partial Motion to Dismiss be **granted in part and denied in part**.[3]

## I. PLAINTIFF'S MOTION TO AMEND

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 15. Rule 15(a) states that leave to amend shall be freely given "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v.*

---

[1] Upon conducting an initial review of the Complaint, pursuant to 28 U.S.C. §§ 1915(e) & 1915A, the Honorable Gary L. Sharpe, Chief United States District Judge, dismissed fifteen Defendants, leaving fifty-two Defendants, all of whom have appeared in the action. Dkt. No. 10. The claims were dismissed without prejudice and with leave to replead. Chief Judge Sharpe also denied Plaintiff's request for preliminary injunctive relief. *Id*.

[2] The discovery completion deadline was originally set for March 9, 2014. Dkt. No. 97 at p.5. Discovery in this action has been protracted and contentious; Plaintiff has filed several Motions to Compel and Letter-Motions seeking other relief, all of which will be addressed in a separate order.

[3] Both Motions were referred to the undersigned. *See* Dkt. Nos. 94 & 144. Pursuant to the jurisdiction conferred upon the undersigned, the Court issues an order with regard to the non-dispositive relief sought by Plaintiff's Motion to Amend, and issues recommendations with regard to the dispositive relief sought by Defendants' Partial Motion to Dismiss. 28 U.S.C. § 636.

*Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman v. Davis*, 371 U.S. at 182.

An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *Health–Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) (noting that where "there is no merit in the proposed amendments, leave to amend should be denied."). The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion. *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

By his Motion, Plaintiff states that he seeks to amend his original Complaint in eight respects. Dkt. No. 144, Notice of Mot., at pp. 1-2. Plaintiff describes the proposed amendments in the following terms:

> 1. Removal of excessive rubbish claims from original complaint;
> 2. Shorten amended complaint to 147 paragraph from 159 paragraphs of original complaint;
> 3. Remove John Doe Defendants and add parties Johnson, Michael Albert, Norcross, Leon Tuper, and Jeffrey Clark ¶-43 of May 19, 2011 incident;
> 4. Add A. Lashway to Aug. 23, 2011 incident at ¶-54;
> 5. Add deliberate indifference claim [against] Defendant Rock at ¶-¶ 58, 142;
> 6. Add Beau J. Brand and Douglas Barney at ¶-49 May 25, 2011 incident;
> 7. Retaliation claims with investigative reports obtained during discovery at ¶-¶ 88-106 against Defendants Zarniak, Salls, Wood, Derouche, L. Gokey, Gettman, Clark, Ramsdell, Clarence LaBarge, Sisto, R. Scott, Uhler, J. Hyde, B. Thompson, and Johnson;
> 8. Add due process violation claim against Fischer and Rock at ¶-107.

*Id*.

Plaintiff has submitted a Proposed Amended Complaint in support of his Motion to Amend. Dkt. No. 144-2, Prop. Am. Compl.[4]

In response, counsel states that Defendants have no objection to Plaintiff's desire to remove claims, but urge denial of the Motion to Amend insofar as Plaintiff seeks to add claims and defendants "at this late point, when an incredibly active discovery period is within weeks of closing." Dkt. No. 150 at p. 2. Defendants also oppose Plaintiff's request to identify some of the John Doe Defendants involved in the May 19, 2011 incident "because DOCCS has confirmed that [the incident] did not occur, and accordingly no amendment can be made." *Id.*

Upon review, the Court finds that Defendants' objection to the timing of Plaintiff's Motion does not warrant denial thereof. Defendants do not contend, nor is there any evidence in the record which suggests, that Plaintiff unduly delayed in seeking amendment or acted in bad faith, or that they will be unduly prejudiced if the Motion is granted. Indeed, inasmuch as several of the requested amendments appear to be based upon information obtained through discovery, Defendants' contention that the Motion is untimely filed is not well founded.

The Court has also duly considered Defendants' argument that the requested amendments regarding the May 19, 2011 incident (Proposed Amendment # 3) should be disallowed because the claim is futile. In brief, Plaintiff alleges that excessive force was used against him on May 19, 2011, upon his exit from his cell and again while he was detained in the "10-Building Holding Pen." Prop. Am. Compl. at ¶ 43. Plaintiff's Proposed Amended Complaint does not alter in any significant way the factual allegations surrounding those events as they were originally pled in the Complaint.

---

[4] The proposed pleading is supported by numerous Exhibits. *See* Dkt. No. 144-3; Dkt. No. 144-4; Dkt. No. 160-1. When citing to these Exhibits, the Court will refer to the page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

Instead, Plaintiff seeks to amend his Complaint, as it relates to the events he alleged occurred on May 19, in order to identify additional Defendants in place of the John Does named in the original Complaint. Dkt. No. 144.

The Court must be mindful that these allegations survived *sua sponte* review and are pending in this action. *See* Dkt. No. 10, Dec. & Order, dated May 10, 2013, at pp. 7-9. While Defendants deny Plaintiff's allegations of excessive force, it is clear that "a cell extraction team . . . had been called to [plaintiff's] cell in the event that he needed to be forcibly removed," and that upon exiting his cell, plaintiff "was escorted to the 10 Building lower holding pen to wait while his cell was searched for contraband." Dkt. No. 150-1, Theodore Zarniak Aff., dated Feb. 13, 2014, at ¶¶ 6 & 7.

Upon review, the Court finds that Defendants have not demonstrated that Plaintiff's May 19, 2011 excessive force claim is futile, *i.e.*, that it would not withstand a motion to dismiss pursuant to Rule 12(b)(6). As a result, this argument affords no basis for the denial of the requested amendments and this aspect of Plaintiff's Motion to Amend is **granted**.

The next three amendments requested by Plaintiff (Proposed Amendments ## 4-6) name additional Defendants to various claims in this action. Plaintiff has also repleaded several retaliation claims (Proposed Amendment # 7).[5] Beyond their contention that Plaintiff's Motion comes too late in the litigation, Defendants have not identified any basis upon which these amendments should be disallowed, and the Court therefore **grants** this aspect of Plaintiff's Motion.

The final amendment requested by Plaintiff (Proposed Amendment # 8) is the addition of a

---

[5] The original Complaint includes several retaliation claims. *See* Dkt. No. 1, Compl. Some of the retaliation claims were dismissed without prejudice and with leave to replead while others survived *sua sponte* review. *See* May Order at pp. 12-16.

due process claim against Defendants Fischer and Rock arising from their alleged failure to preserve the videotape of "Plaintiff's removal from his cell" on May 19, 2011. *See* Dkt. No. 144 at p. 2 & Prop. Am. Compl. at ¶ 107. As alleged in the Proposed Amended Complaint, Plaintiff notified Defendants of his request that the videotape be preserved by means of a subpoena *duces tecum*. *See* Prop. Am. Compl. at ¶ 107. Plaintiff claims that Defendants' failure to comply resulted in the destruction of the videotape, and prejudiced his ability to pursue his claims regarding the May 19, 2011 incident. *Id.*[6]

For this due process claim to succeed, the Court must first be satisfied that Plaintiff possessed a property interest that was subsequently denied by the Defendants' challenged actions. If such an interest is found to exist, the Court then determines whether sufficient due process was provided. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Narumanchi v. Bd. of Tr. of Conn. State Univ.*, 850 F.2d 70, 71 (2d Cir. 1988).

Upon review and with due regard for Plaintiff's status as a *pro se* litigant, the Court finds that Plaintiff has not alleged any facts which plausibly suggest that he enjoyed a property interest in a videotape which might have been made by corrections staff on May 19, 2011. *Cf. Balkum v. Sawyer*, 2010 WL 3927817, at *5 (N.D.N.Y. Oct. 4, 2010) ("Plaintiff does not have a constitutionally protected property interest in the certificates of examination" completed by mental health providers); *Harris v. Corcoran*, 2008 WL 5056612, at *1 (N.D.N.Y. Nov. 24, 2008) (Hurd, J.) (*adopting* Report-Recommendation by Treece, M.J., 2008 WL 5056612, at *2 (finding no property interest in documents requested through New York's Freedom of Information Law

---

[6] It is not clear whether any of the events of May 19, 2011 were videotaped. *Compare* Dkt. No. 144-3 at p. 6 (Memo, dated June 15, 2011, from J. Clark stating that on May 19, 2011, he "video recorded the extraction of this said inmate") *with* Dkt. No. 144-3 at p. 4 (Memo, dated Sept. 1, 2011, from J. Clark stating that on May 19, 2011 "[t]his inmate was taken out of his cell without incident. Therefore I did not need to record the anticipated extraction.").

"FOIL")); *Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 234 F. Supp. 2d 140, 183 (N.D.N.Y. 2002) ("Barring the existence of actual litigation, there is no constitutional or common law right to direct an[] unrestricted access to medical records." (citing *Gotkin v. Miller*, 514 F.2d 125, 128 (2d Cir. 1975)).

Based upon the foregoing, the Court finds that the due process claim against Defendants Fischer and Rock (Proposed Amendment # 8) as set forth in the Proposed Amended Complaint is not cognizable in this Section 1983 action and therefore **denies** this aspect of Plaintiff's Motion to Amend as futile.[7] Plaintiff's Motion to Amend is **granted** in all other respects. The Proposed Amended Complaint shall be the operative pleading in this action.

## II. DEFENDANTS' PARTIAL MOTION TO DISMISS

The Court turns its attention now to the Defendants' Partial Motion to Dismiss and notes that, although we granted Plaintiff permission to amend his Complaint in certain respects, those claims upon which Defendants seek dismissal are unchanged by the Proposed Amended Complaint. Therefore, this Court must still assess Defendants' Partial Motion to Dismiss as it relates to the claims asserted against Defendants Fischer, Bellinier, and Prack.

---

[7] This ruling is without prejudice to a claim by Plaintiff that Defendants engaged in spoliation of evidence. "Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). A party seeking sanctions based on spoliation of evidence must establish that
>  (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Liberman v. FedEx Ground Package Sys., Inc.*, 2011 WL 145474, at *2 (E.D.N.Y. Jan. 18, 2011) (citing *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004).

However, any such claim is properly brought as a motion for sanctions and/or a motion in limine in advance of trial. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. at 216 (noting that "[t]he determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis").

## A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." *Id*.

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn

from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint as it pertains to the three moving Defendants.

### B. Monell Claim

Plaintiff repeatedly states in his Opposition papers that he brings claims against Defendants former-Commissioner Brian Fischer and Deputy Commissioner Bellinier pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See generally* Dkt. Nos. 124 & 129. That seminal case, however, is inapplicable here where there is no allegation that **municipal** employees, pursuant to a policy or practice implemented by the **municipality**,[8] violated an individual's constitutional rights. Plaintiff's theory of liability rests upon alleged policies or customs enacted/adopted by a State agency, DOCCS, not a municipality. Thus, Plaintiff cannot maintain a *Monell* cause of action herein. Notwithstanding the Court's finding, the Court analyzes whether Plaintiff has adequately pled the personal involvement of the moving Defendants in any constitutional wrongdoing.

### C. Supervisory Liability

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff

---

[8] In the context of a 1983 action, municipalities and local governments are synonymous and are included among those parties to whom this statute applies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Accordingly, *Monell* is "limited to local government which are not considered part of the State for Eleventh Amendment purposes." *Id.* at 690 n.54.

must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Within the Second Circuit, it is generally accepted that a supervisory defendant may have been personally involved in a constitutional deprivation within the meaning of § 1983 if he: (1) directly participated in the alleged infraction; (2) after learning of the violation, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue; (4) was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)[9] (citations omitted); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted). Pointedly, "mere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)); *see also Wright v. Smith*, 21 F.3d at 501 (defendant may not be held liable simply because he holds a high position of authority).

Defendants contend that Plaintiff's allegations amount to nothing more than legal

---

[9] The Second Circuit has yet to address the impact of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) upon the categories of supervisory liability under *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). *See Grullon v. City of NewHaven*, 720 F.3d 133 (2d Cir. 2013) (noting that the Court's decision in *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement," but declining to resolve the issue). Lower courts have struggled with this issue, specifically whether *Iqbal* effectively calls into question certain prongs of the *Colon* five-part test for supervisory liability. *See, e.g., Sash v. United States*, 674 F. Supp. 2d 531, 543 (S.D.N.Y. 2009). While some courts have taken the position that only the first and third of the five *Colon* categories remain viable and can support a finding of supervisory liability, *see, e.g., Bellamy v. Mount Vernon Hosp.*, 2009 WL1835939, at *6 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010), others disagree and conclude that whether any of the five categories apply in any particular cases depends upon the particular violations alleged and the supervisor's participatory role, *see, e.g., D'Olimpio v. Crisafi*, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010). Nevertheless, this Court, until instructed to the contrary, continues to apply the entirety of the five factor *Colon* test.

*-11-*

conclusions that Defendants Fischer and Bellinier are liable solely because of their positions of authority. However, the Court finds that Plaintiff's Complaint, and his Proposed Amended Complaint, adequately allege supervisory liability on the part of Defendants Fischer and Bellinier under *Colon* prongs two through five. Indeed, it is clear that Plaintiff alleges a creation of a policy or custom wherein correction officers routinely use excessive force against inmates, most notably Barnes, and that such pattern of behavior has not abated, despite Plaintiff's repeated efforts to alert Fischer and Bellinier of the unconstitutional behavior. *See* Compl. at ¶¶ 31, 58, 61, 68, 69, 70, 72, 73, 78, 88, 90, 91, 118, & 156 (alleging various notifications submitted to Defendants Fischer and Bellinier regarding various issues raised in the Complaint); *See* Prop. Am. Compl. at ¶¶ 23, 63, 64, 65, 66, 67, 68, 69, 71, 77, 86, 115, & 147 (same). While not stated in terms upon which an attorney may phrase, the Court finds that Plaintiff's allegations against these Defendants, in conjunction with the reams of Exhibits attached thereto suggesting some form of notice being provided to Defendants of allegedly unconstitutional behavior, is enough to plausibly state claims for supervisory liability against these Defendants. And, because these claims are virtually unchanged by the Proposed Amended Complaint, the Court finds that Defendants Fischer and Bellinier should remain as Defendants.

As for Defendant Prack, the sole basis of Defendants' Motion to Dismiss is that Defendant Prack is not mentioned any where in the original Complaint other than in the section wherein he identifies each of the Defendants. However, the Court does not agree with this assessment. According to the Complaint, Plaintiff's allegation against Defendant Prack arises out of Plaintiff's appeal of a disciplinary disposition wherein Barnes apprised Defendant Prack of certain constitutional violations which Prack failed to remedy. *See* Compl. at ¶ 112 (alleging he alerted

Defendant Prack to the constitutional violations perpetrated by Defendant Uhler when Uhler was allegedly involved in an incident on August 23, 2011, oversaw the investigation of that incident, and then appointed himself as hearing officer); Prop. Am. Compl. at ¶ 112 (same). Thus, while thin, we find that Plaintiff has similarly plausibly pled a claim against Defendant Prack under the theory that he was alerted to the constitutional wrongdoing and failed to remedy the wrong. *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013).

In light of the above analysis, we recommend that Defendants' Partial Motion to Dismiss be **denied** in all respects.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Partial Motion to Dismiss (Dkt. No. 94) be **denied**; and it is further

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 144) is **GRANTED in part and DENIED in part**; Plaintiff's Motion to Amend his Complaint to add a due process claim against Defendants Fischer and Rock (Dkt. No. 144-2, Prop. Am. Compl. at ¶ 107) is **denied as futile** and is stricken from the Amended Complaint; Plaintiff's Motion is **granted** in all other respects; and it is further

**ORDERED**, that the Clerk shall file the Proposed Amended Complaint (Dkt. No. 144-2), together with the supporting Exhibits (Dkt. No. 144-3; Dkt. No. 144-4; Dkt. No. 160-1), as the Amended Complaint in this action; and it is further

**ORDERED**, that the Clerk shall revise the Docket to reflect that Johnson, Michael Albert, Norcross, Leon Tuper, Jeffrey Clark, A. Lashway, Beau J. Brand, Douglas Barney, Clarence

LaBarge, R. Scott, J. Hyde, B. Thompson, and Johnson are Defendants in this action; and it is further

**ORDERED**, that upon receipt from Plaintiff of the documents required for service, the Clerk shall issue Amended Summonses and forward them to the U.S. Marshal for service on the additional Defendants; and it is further

**ORDERED**, that a response to Plaintiff's Amended Complaint shall be filed by Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 22, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge