**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**JESSIE J. BARNES,**

                **Plaintiff,**　　　　　　　　9:13-cv-164
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/DJS)
           **v.**

**BRIAN FISCHER et al.,**

                **Defendants.**
_____
**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Jessie J. Barnes
Pro Se
09-B-2707
Upstate Correctional Facility
P.O. Box 2000
Malone, NY 12953

**FOR THE DEFENDANT:**
HON. BARBARA D. UNDERWOOD　　MELISSA A. LATINO
New York Attorney General　　　　　ADRIENNE J. KERWIN
The Capitol　　　　　　　　　　　　Assistant Attorneys General
Albany, NY 12224

**Gary L. Sharpe
Senior District Judge**

## <u>ORDER</u>

On March 16, 2018, Magistrate Judge Daniel J. Stewart filed a

Report-Recommendation and Order (R&R), which recommends that

Barnes' motion for summary judgment, (Dkt. No. 435), be denied and defendants' cross-motion for summary judgment, (Dkt. No. 485), be granted in part and denied in part. (Dkt. No. 590.) Pending are Barnes' objections to the R&R, (Dkt. Nos. 592, 595),[1] and defendants' objections to the R&R, (Dkt. No. 600).

Only specific objections warrant *de novo* review. *See Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *4-6 (N.D.N.Y. Jan. 18, 2006). Objections that are general, conclusory, perfunctory, or a mere reiteration of an argument already made to the Magistrate Judge trigger only clear error review. *See Rahman v. Fischer*, No. 9:10–cv–1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014).

*1. Barnes' Objections*

Even on *de novo* review,[2] Barnes' objections fail. The majority of

---

[1] Pursuant to the court's April 6, 2018 Order, (Dkt. No. 597), Barnes filed objections, (Dkt. No. 598), which superseded his prior objections, (Dkt. Nos. 592, 595). However, he then filed a letter requesting that his later objections, (Dkt. No. 598), be disregarded and his prior objections, (Dkt. No. 592, 595), be considered, "as they . . . cover all [his] issues." (Dkt. No. 599 at 1.) The court thus disregards Barnes' later-filed objections.

[2] Although clear error review seems warranted for at least some of Barnes' objections, due to Barnes' prolific and prolix filings, (*see, e.g.*, Dkt. No. 435, Attach. 2; Dkt. No. 469; Dkt. No. 483), it is difficult to say with precision which of his objections merely reiterate arguments that he has already made to Judge Stewart.

2

them take issue with Judge Stewart's analysis of the evidence.[3]  For largely the same reasons as set forth in Judge Stewart's thorough and detailed sixty-seven-page R&R, the court rejects Barnes' objections.[4]  Regarding Barnes' objection that defendants destroyed evidence, (Dkt. No. 592 at 5), that argument was addressed by Judge Stewart's December 8, 2015 Decision and Order, (Dkt. No. 334).  That Decision and Order stated that the issue of an adverse inference charge is deferred until the time of trial. (*Id.* at 17.)  Thus, Judge Stewart appropriately declined to decide the issue in the R&R.

Barnes also objects to the R&R on the basis that Judge Stewart failed to address his motion for sanctions, motion to strike, and motion to

---

[3] For example, Barnes objects to the dismissal of his July 31, 2010 use of force claim "as it is against [the] weight of [the] evidence," (Dkt. No. 592 at 1), and the dismissal of his supervisory liability claim against defendant Brian Fischer for various evidentiary reasons, (Dkt. No. 595 ¶¶ 1-9).

[4] Barnes objects that the R&R fails to address certain defendants' "retaliatory or discriminatory denial of razor [sic] for sixteen consecutive (16) months." (Dkt. No. 592 at 3.) But that claim is not one of Barnes' claims.  Indeed, Barnes fails to provide a citation to his amended complaint, (Dkt. No. 186), for such a claim, and he cannot raise a new claim for the first time at summary judgment, *see McChesney v. Bastien*, No. 9:10–CV–1409, 2012 WL 4338707, at *5 n.14 (N.D.N.Y. Sept. 20, 2012) (collecting cases); *Casseus v. Verizon, N.Y. Inc.*, 722 F. Supp. 2d 326, 344 (E.D.N.Y. 2010) (collecting cases).  The same is true regarding Barnes' objection to the dismissal of the August 3, 2010 use of force incident "on the basis it is predicated on defendants['] denial of medical care."  (Dkt. No. 592 at 3-4.)

appoint counsel. (Dkt. No. 592 at 2, 5.)[5] Barnes' motion for sanctions is denied for the same reason that the motion for sanctions that he filed after filing for summary judgment, (Dkt. No. 565), was denied, (Dkt. No. 572). Barnes' objection "to [the] entire report" on the basis of the failure to address his motion to strike, (Dkt. No. 592 at 5), is rejected. Aside from Barnes' failure to offer any non-conclusory evidence that the September 9, 2011 video was altered, the R&R denies summary judgment for defendants as to the September 9, 2011 incident—a ruling favorable to Barnes. (Dkt. No. 590 at 40-43.)[6] His motion to strike, as well as his motion to appoint counsel, are denied with leave to renew in connection with trial.

　　*2.　Defendants' Objections*

Defendants object that Judge Stewart failed to sufficiently consider the objective and subjective elements of an Eighth Amendment violation regarding the May 19, 2011 and May 25, 2011 incidents. (Dkt. No. 600 at 2-11.) This is a specific objection meriting *de novo* review. For the reasons set forth in the R&R, (Dkt. No. 590 at 33-38), the court rejects

---

[5] These motions—included as part of Barnes' notice of motion, (Dkt. No. 435, Attach. 1 at 2, 4)—are needles in the haystack of his prolix summary judgment filings.

[6] Barnes' motion to strike is denied with leave to renew in connection with trial.

4

defendants' objection.  Defendants' argument that Barnes cannot establish the subjective element, (Dkt. No. 600 at 7), is incorrect.  As explained in the R&R, the parties' contentions create a disputed issue of material fact that cannot be resolved at summary judgment.  (Dkt. No. 590 at 33-37.)

Defendants' argument regarding the objective element boils down to their contention that Judge Stewart "should have given more weight to the circumstances surrounding the alleged use of excessive force and the seriousness, or lack thereof, of the alleged injury."  (Dkt. No. 600 at 4.)  However, as explained in the R&R, the absence of serious injury is relevant but not determinative.  (Dkt. No. 590 at 37-38 (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).)  Moreover, defendants are not necessarily correct that "some overt, pronounced motion would be visible in the video" if Barnes' allegations are true.  (Dkt. No. 600 at 5-6.)  Indeed, there is no video evidence of the May 19, 2011 incident, and, as the R&R describes, the May 25, 2011 video "does not necessarily rule out the possibility that the [defendants in question] were manipulating or twisting the handcuffs to inflict pain and discomfort upon [Barnes]."  (Dkt. No. 590 at 36.)  Although defendants make various additional arguments as to why the objective element cannot be satisfied—Barnes' misconduct and

5

uncooperative behavior, (Dkt. No. 600 at 6), the presence of a supervisor at all times, (*id.* at 7), and the lack of an audible order to twist Barnes' handcuffs, (*id.*)—none of them are determinative.[7]

As part of their objection to the May 19, 2011 and May 25, 2011 claims, defendants argue that Barnes cannot establish a failure to intervene. (Dkt. No. 600 at 8-11.) But defendants are not necessarily correct that "[i]f the [c]ourt cannot observe what the [d]efendant[s] . . . were doing to [Barnes'] handcuffs by way of the cameras, certainly no bystander [defendant] positioned outside the cell beyond the perspective of any such camera could observe what occurred in the cell," (*id.* at 9). Depending on where the bystander defendants were positioned, perhaps the alleged twisting could be seen from a different angle. As the R&R correctly notes, questions of fact exist regarding the exact participants in the incidents and whether certain defendants had the obligation and ability to intervene. (Dkt. No. 590 at 38.) Thus defendants' argument is rejected.

Defendants' second objection is that Barnes fails to meet his burden

---

[7] Defendants' tight handcuffing cases, (Dkt. No. 600 at 4-5), are unavailing because at issue is "the possibility that the [defendants] were manipulating or twisting the handcuffs to inflict pain and discomfort upon [Barnes]," (Dkt. No. 590 at 36), and not that they merely handcuffed him tightly.

6

with respect to his First Amendment retaliation claims. (Dkt. No. 600 at 11-12.) This specific objection is also rejected. The court does not agree that Barnes' misconduct is an intervening event such that it defeats the inference of causation, (*id.* at 12), especially because defendants fail to offer explanatory details or a record citation to show that the relevant facts are uncontroverted. Moreover, although defendants argue that "[Barnes] does not otherwise allege that . . . [d]efendants were personally involved in the incidents," (*id.* at 12), this contradicts their admission in the previous page that "[Barnes] alleges that [d]efendants Wood and Derouchie 'staged' the excessive force incidents on May 19, 2011 and/or May 25, 2011," (*id.* at 11).

  3. *Barnes' Request for Injunctive Relief*

After the R&R was filed, in a letter dated July 24, 2018, Barnes requested various forms of injunctive relief, including an order to "direct defendants['] counsel to investigate the defendants Donald Uhler, Steven Salls[,] and their designees," to be "provided with manilla [sic] envelopes," and to "stop . . . [the] obstruction of justice conduct destruction of all grievances [sic]" of non-party Donna Wilcox. (Dkt. No. 602 at 2.) In addition to the reasons articulated in defendants' response, (Dkt. No.

7

603[8]), Barnes' request for injunctive relief is denied because "the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action." *Haden v. Hellinger*, 9:14-CV-0318, 2016 WL 589703, at *2 (Feb. 11, 2016) (internal quotation marks and citation omitted). Barnes' additional requests for injunctive relief, (Dkt. Nos. 604, 608), which ask, among other things, for the court to order the production of videotapes of events that far postdate the allegations in his amended complaint, are denied for the same reasons.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 590) is **ADOPTED** in its entirety[9]; and it is further

**ORDERED** that Barnes' motion for summary judgment (Dkt. No. 435) is **DENIED**; and it is further

**ORDERED** that defendants' cross-motion for summary judgment

---

[8] In defendants' response, Assistant Attorney General James J. Seaman stated, "Please accept this letter as my notice of appearance for defendants in this case." (Dkt. No. 603 at 1.) This does not comply with N.D.N.Y. L.R. 83.2(a). Mr. Seaman must file a written notice of appearance.

[9] There is one exception—the R&R's recommendation to dismiss defendants Mark Boyd, Trevor Dunning, and James Sorrells, (Dkt. No. 590 at 66), is not adopted. As claims against each of them survive for trial, (Dkt. No. 590 at 35-38 (Boyd); 40-43 (Dunning); 19-24 (Sorrells)), they are not dismissed.

(Dkt. No. 485) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** as to Barnes' first, second, fourth, fifth, sixth, seventh, eighth, and ninth causes of action in his amended complaint (Dkt. No. 186); and

**GRANTED** as to Barnes' third cause of action as against defendants Fischer and Bellnier; and

**GRANTED** as to Barnes' twelfth cause of action regarding the incidents of July 31, 2010, August 3, 2010, and November 5, 2010; and

**GRANTED** as to Barnes' tenth cause of action as against defendants Labarge and Scott; and

**GRANTED** as to Barnes' eleventh cause of action except as against Defendant Uhler regarding the September 23, 2011 disciplinary hearing; and

**DENIED** in all other respects; and it is further

**ORDERED** that the Clerk terminate the following defendants from this action: Joseph Bellnier, Michael Eddy, Brian Fischer, Brian Fournier, Matthew Gervais, Jeffrey Hyde, Clarence Labarge, A. Lashway, John Leclair, Albert Prack, Richard Rakoce, R. Scott, Darrin Snyder, Andrew

Street, and Bradley Thompson; and it is further

**ORDERED** that Barnes' motion for sanctions (Dkt. No. 435, Attach. 1 at 2) is **DENIED**; and it is further

**ORDERED** that Barnes' motion to strike (Dkt. No. 435, Attach. 1 at 2) and motion to appoint counsel (Dkt. No. 435, Attach. 1 at 4) are **DENIED** with leave to renew in connection with trial; and it is further

**ORDERED** that Barnes' requests for injunctive relief (Dkt. No. 602, 604, 608) are **DENIED**; and it is further

**ORDERED** that this case is now deemed trial ready and a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

September 28, 2018
Albany, New York

*Gary L. Sharpe*
U.S. District Judge