UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JESSIE BARNES,

                        Plaintiff,

                                                    13-CV-164
            -against-                                  (DJS)

DONALD UHLER, *et al.*,

                        Defendants.

---

## JURY INSTRUCTIONS

### I. INTRODUCTION

Ladies and gentlemen, on behalf of the court, the attorneys, and the parties, we thank you for serving as jurors in this case.

I will give you a copy of these instructions to use in the jury room.   If you have any legal question about these instructions or about something the instructions fail to address, you must ask me for a further explanation.

### ROLE OF THE COURT AND JURY

You must accept my instructions and apply them to the facts as you determine the facts to be from the evidence or lack of evidence in this case. Consider the instructions as a whole; do not isolate a single instruction as alone

1



COURT EXHIBIT

13-CV-164

stating the law.   Do not consider the wisdom of the law.   Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based your verdict on any view of the law other than that which I give you.   If counsel states some legal principle differently than as I now state it, you must follow my instructions.

Your role is to decide the facts that have a material bearing on the issues in this case.   You are the sole and exclusive judges of the facts.   You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony and evidence, and you draw whatever reasonable inferences you decide to draw from the facts as you determine them to be.

In determining the facts, you must rely upon your own recollection of the evidence.   What the lawyers have said in their opening statements, in their objections, or in their questions is not evidence.   Nor is what they will say in their closing arguments.

Just as importantly, nothing I have said or done during the trial is evidence. When it comes to the facts - collectively - you are the judges - not the attorneys, not the parties, and not me.

The evidence before you consists of the answers given by witnesses - the

testimony they gave, as you recall it - and the exhibits that were received in evidence.   Exhibits mentioned, but not received, are not evidence.

You may not consider any answer that I directed you to disregard or that I directed struck from the record.

Since you are the sole and exclusive judges of the facts, I have no opinion as to the facts or what your verdict should be.    My trial rulings are no indication of my views of what your decision should be as to whether or not Mr. Barnes has proven his claims by a preponderance of the evidence.

You must perform your duty without bias, prejudice, or sympathy.    The parties expect that you will carefully and impartially consider all the evidence in the case, follow my instructions, and reach a just verdict regardless of the consequences.

## THE PARTIES

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.    All parties stand equal before the law.    All parties are to be dealt with as equals in a court of justice.

This action has been brought by the Plaintiff, Jessie Barnes, against the individual Defendants.   Neither the State of New York nor the Department of

3

Corrections and Community Supervision is a Defendant in this action.    The basis for Plaintiff's suit against the Defendants is for violations of the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983.

### PLAINTIFF'S STATUS AS AN INCARCERATED INDIVIDUAL

The fact that the Plaintiff was incarcerated at the time of the alleged violation has absolutely no bearing on whether his rights under the United States Constitution were violated.    You should evaluate his credibility in the same way that you would evaluate the credibility of any witness.

### CORRECTIONAL STAFF TESTIMONY

You will recall that some of the witnesses who testified are or were employees and officials of the New York Department of Corrections and Community Supervision.    The testimony of such officials or employees is entitled to no special treatment or consideration; it does not have any greater or lesser weight.    The testimony of these officials or employees who take the stand is subject to the same rules and tests applicable to the testimony of any other witness regarding, for example, credibility, bias, and interest in the outcome.

### MULTIPLE DEFENDANTS

Although there are multiple Defendants in the action, that does not mean that if one is liable, all are liable.    Each Defendant is entitled to fair consideration

of his or her own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another Defendant.    Now, keep in mind that each of these Defendants is responsible only for his or her own individual actions. Unless otherwise stated, all instructions given govern the case as to each Defendant.    So, you must consider each element of every claim asserted by the Plaintiff separately and you must give separate consideration to each of the Plaintiff's claims.    And then, if applicable, consider those elements and those claims separately as to each Defendant.

## BURDEN OF PROOF

When a party has the burden of proof on a particular issue it means that that party must establish by a preponderance of the credible evidence that his claims, and the elements that comprise those claims, are true.    To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.    A preponderance means the greater part of the evidence.    The phrase refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.    In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

5

In this case, the Plaintiff has the burden of proving by a preponderance of the evidence certain elements that I will describe to you.   For the Plaintiff to prevail, you must find the evidence supporting his claim is the more likely version of what occurred.   If, however, you find the evidence supporting the Defendants' case more persuasive, or if you are unable to find a preponderance of evidence on any side, then you must resolve the question in favor of the Defendants.   You may only find in favor of the Plaintiff if the evidence supporting his claims outweighs the evidence opposing them.

<strong><u>EVIDENCE</u></strong>

As stated earlier, your duty is to determine the facts based on the evidence I have admitted.   The term "evidence" includes the sworn testimony of witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. Evidence does not include a lawyer's arguments, statements, questions to witnesses, and evidence offered but excluded by my rulings.   In addition, during the trial, I sustained objections to questions and either prevented a witness from answering or ordered an answer stricken from the record.   You may not draw inferences from unanswered questions and you may not consider any response that was stricken from the record.

Whether offered evidence is admissible is purely a question of law for the

Court to decide.    In admitting evidence to which an objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.    You must also refrain from speculation, conjecture, or any guesswork about the nature or effect of any colloquy between the Court and Counsel held out of your hearing or sight.

### INFERENCES

During this charge you will hear me use the term "inference" and in your deliberations you are permitted to make inferences on the basis of your reason, experience, and common sense.    So, I will now explain the meaning of the term "inference."

During your deliberations you are to consider only the evidence presented in the case.    However, in your consideration of the evidence you are not limited solely to what you have seen and heard as the witnesses testified.    You are permitted, but not required, to draw from those facts that you find have been proven, such reasonable inferences that seem justified in light of your experience, reason, and common sense.

An inference is not a suspicion or a guess.    It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that you find has been proven.    In other words, based on the facts that you find have been

established by the evidence, you may justifiably conclude that another fact exists. Inferences may be drawn from both the direct and circumstantial evidence presented to you.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

The law recognizes two types of evidence - direct and circumstantial. Direct evidence is physical evidence as well as the testimony of one who asserts personal knowledge, such as an eyewitness.

Circumstantial or indirect evidence is proof of a chain of events that points to the existence or non-existence of certain facts.   I know this is a new term for you.   Let me explain further with an example.   Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.   Then as you were sitting here, someone walks in with an umbrella which was dripping wet.   Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom to see whether or not it is raining. So you have no direct evidence of that fact.   But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.   From one established fact, you infer on the basis of reason, experience, and common sense the existence or

non-existence of some other fact.

The law does not distinguish between the weight to be given to direct or circumstantial evidence.   Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.   You may rely on either type of evidence in reaching your decision.

## DOCCS DIRECTIVES

You have heard testimony during this trial about certain DOCCS policy directives.   You are instructed that these standards do not themselves establish the constitutional standard; that is to say that a violation of those standards does not necessarily itself establish a constitutional violation.   You may, however, consider the directives in the context of the reasonableness of the actions of correctional staff.

### CREDIBILITY OF WITNESSES

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.   Contradictory sets of facts cannot both be true.   This is where you play your role as Jurors.   You have had the opportunity to observe the witnesses.   It is now your job to decide how believable each witness was in his or her testimony.   You are the sole judges of the credibility of each witness and

of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize the entire testimony of each witness, the circumstances under which each witness testified, and any other matters in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?   You watched the witnesses testify.   Everything a witness said or did on the witness stand counts in your determination.   How did the witness impress you?   Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?   How did the witness appear; what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?   Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.   You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

10

A witness may also be discredited by evidence that the witness has been convicted of certain crimes. For instance, a witness may be discredited by evidence that he or she has been convicted of a felony, that is, a criminal offense punishable by imprisonment for in excess of one year. The testimony of a witness may be discredited by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experiences.

## WITNESS BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection he or she may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view the testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

11

### INTEREST IN OUTCOME

In evaluating the credibility of a witness, you should consider any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of the testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

### NUMBER OF WITNESSES

In making your decision, you are not bound to decide any issue of fact based simply upon the number of witnesses produced at trial. In other words, the test

is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and which evidence appeal to your mind as being most accurate and otherwise trustworthy.

### ALL AVAILABLE EVIDENCE

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.   Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

### ROLE OF ATTORNEYS

I should also discuss the role of the Attorneys.   We operate under an adversary system in which we hope that the truth will emerge through the competing presentation of adverse parties.   It is the role of the Attorneys to press as hard as they can for their respective positions.   In fulfilling that role, they not only have the right, but the obligation, to make objections to the introduction of evidence that they feel is improper.   While the interruptions caused by these objections may be irritating, the Attorneys are not to be faulted because they have a duty to make objections if they feel they are appropriate.

The application of the rules of evidence is not always clear, and lawyers

and parties often disagree.   It has been my job as the Judge to resolve these disputes.   It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the Attorneys.   It is important for you as Jurors to recognize that this is not a contest between the Attorneys but an attempt to rationally resolve a serious controversy between the parties.   Accordingly, statements made by the Attorneys and their characterizations of the evidence are not controlling.   Insofar as you find them helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

## II. SUBSTANTIVE CHARGE

### "CLAIM" OR "CAUSE OF ACTION" DEFINED

A claim or "cause of action," as the Attorneys call it, is a theory based upon a specific set of facts that the Plaintiff contends entitles him to a specific recovery. A claim is often given a title so that it can be distinguished and discussed independently from other claims.   The facts upon which each claim is based can be applied to more than one claim.   The facts are not exclusive to each claim. Your job is to determine the true facts and apply the facts as you find them to the

law as I instruct you.

## OVERVIEW OF CLAIMS & DEFENSES

In this case Plaintiff claims that Defendants violated his First, Eighth, and Fourteenth Amendment rights on a number of different occasions.   Defendants deny Plaintiff's allegations and contend that at no time did they violate Plaintiff's constitutional rights.

## THE STATUTE

The federal law that provides a remedy for individuals who have been deprived of their constitutional rights is known as Section 1983 of Title 42 of the United States Code.   It states in part as follows:

> Every person who, under color of any statute, ordinance, regulation,
>
> custom or usage of any state . . . , subjects or causes to be subjected,
>
> any citizen of the United States . . . to the deprivation of any rights,
>
> privileges or immunities secured by the Constitution and laws, shall
>
> be liable to the party injured in an action at law . . . for redress.

I shall instruct you in detail regarding the elements of the Plaintiff's claims under Section 1983; but at this point bear in mind, as I have indicated before, that the Plaintiff has the burden of proving each and every element of a particular claim

15

by a preponderance of the evidence as against each Defendant.   If you find that any one of the elements of Plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence against a particular Defendant, you must return a verdict in favor of that Defendant.

## SECTION 1983 ELEMENTS

To establish a claim under Section 1983, the Plaintiff must prove each of the following:

1.   That the conduct complained of was committed by a person or persons acting under color of state law;

2.   That this conduct deprived the Plaintiff of rights secured by the Constitution and laws of the United States; and

3.   That this conduct was a proximate cause of the injuries and consequent damages sustained by the Plaintiff.

I will now explain each of the three elements of a Section 1983 claim in more detail.   Pay particular attention to the second element.   While the Plaintiff must establish each of the three elements, the second element will have its own separate sub-parts.

## FIRST ELEMENT:   ACTING UNDER COLOR OF LAW

Whether a Defendant committed the acts alleged by the Plaintiff is a question of fact for you, the jury, to decide.   Assuming that a Defendant did

commit those acts, I instruct you that, since the Defendant purported to be taking those acts in his or their capacity as an official or officials of the Department of Corrections and Community Supervision, then he or she was acting under color of state law.

## SECOND ELEMENT:   DEPRIVATION OF A RIGHT

### A. EIGHTH AMENDMENT- EXCESSIVE FORCE CLAIM

I will now instruct you on the elements of Plaintiff's Eighth Amendment excessive force claim.   These instructions apply the same to each of the instances in which Plaintiff alleges excessive force was used against him.

Under the Eighth Amendment, a convicted prisoner has the right to be free from cruel and unusual punishment, including the improper use of force by correctional staff.   But not every push or shove - even if it later seems unnecessary - is a constitutional violation. Also, corrections officials always have the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with prison regulations.

In order to prove the Defendants deprived him of this Eighth Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:

First, the Defendant used excessive and unnecessary force under all of the

17

circumstances;

Second, the Defendant acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline.

In determining whether these elements have been met in this case, you should consider the following factors:

(1) the extent of the injury suffered;

(2) the need to use force;

(3) the relationship between the need to use force and the amount of force used;

(4) any threat reasonably perceived by the defendant; and

(5) any efforts made to temper the severity of a forceful response, such as, if feasible, providing a prior warning or giving an order to comply.

## B. Eighth Amendment - Failure to Intervene

Plaintiff also alleges that his Eighth Amendment rights were violated when certain defendants failed to intervene and protect him from the use of force by other Defendants.

The Constitution places an obligation on correctional staff to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

18

In order to prevail on a claim of failure to intervene to prevent excessive force in violation of the Eighth Amendment under Section 1983, a plaintiff must prove the following elements:

First, excessive force was used against him;

Second, the defendant knew, or deliberately ignored, the fact that such force was going to be, or was being, used;

Third, the defendant had a realistic opportunity to intervene to prevent or stop the use of that excessive force;

Fourth, the defendant did not take reasonable steps to intervene.

Regarding the third and fourth elements, when considering the reasonableness of any opportunity to intervene, you should consider both the duration of the constitutional violation, and the defendant's presence and proximity during the constitutional violation.

Fifth, that the Plaintiff suffered some injury as a result of this conduct.

If you find that the Plaintiff has not established each of these elements, then you should find in favor of the Defendants on this claim.

## C. FIRST AMENDMENT- RETALIATION CLAIMS

Next, I will instruct you on the elements of Plaintiff's First Amendment claim.

19

Inmates have a First Amendment right to be free from retaliation for filing grievances or making complaints about prison conditions or the actions of a prison official.

In order for Plaintiff to establish his claim for retaliation against his exercise of First Amendment rights, Plaintiff must prove that:

First, he was engaged in constitutionally protected conduct.   In this regard, you are instructed that a prisoner's filing of an inmate grievance complaint is constitutionally protected activity and so if you find that Plaintiff did file the grievances he alleges then Plaintiff has satisfied this element.

Second, the inmate suffered some adverse action at the hands of prison officials.   An adverse action is more than a *de minimis* action.   The question is whether the retaliatory action is such that it is likely to chill a person of ordinary firmness from continuing to engage in the protected activity.

Third, the inmate's constitutionally protected conduct was a substantial or motivating factor in the decision to take that action.   Plaintiff's protected speech was a motivating factor in Defendant's decision to take adverse action if that speech played a substantial or important part in the decision.   However, it need not be the only factor.   A Defendant may have taken action for many reasons. But if one of those reasons was Plaintiff's speech, and if that reason played a

substantial part in the Defendant's decision to take action against the Plaintiff, then Plaintiff has satisfied the third element.

### D. Fourteenth Amendment- Due Process Claim

The Due Process Clause of the Fourteenth Amendment provides, in pertinent part, "that no state shall deprive any person of life, liberty, or property, without due process of law." Plaintiff claims that this right was violated by Defendant Uhler with regard to the manner in which he conducted a disciplinary hearing on charges that Plaintiff violated prison rules.

You are instructed that the Due Process Clause of the Fourteenth Amendment does entitle anyone charged with violating a prison rule to receive: (1) advanced written notice of the charges against him at least twenty-four hours prior to the hearing; (2) the reasonable opportunity to appear at the hearing, call witnesses, and present documentary evidence; (3) a written statement as to the evidence relied upon and the reasons for the disciplinary action; and (4) a fair and impartial hearing officer. The due process clause also entitles one to have a hearing disposition supported by at least some evidence.

Plaintiff claims that Defendant Uhler was not a fair and impartial hearing officer. With respect to that claim you are instructed that an impartial hearing officer is one who does not prejudge evidence. Prison administrators serving as

adjudicators are presumed to be unbiased and so Plaintiff has the burden to prove specific facts demonstrating that Defendant Uhler was not impartial.

With respect to Plaintiff's claim that he was improperly excluded from a hearing by the Defendant you are instructed that there is a limited right to be present.  Any right to be present is simply to afford Mr. Barnes the ability to present a defense to the charges.  The right to be present is not absolute.  An individual may request not to be present or refuse to be present and the hearing may then proceed without his presence.  A hearing officer also has a right to exclude any party or witness from a hearing if necessary as a result of their conduct to maintain the safety and security of the facility. There are also circumstances where it is appropriate that certain testimony be taken outside the presence of the inmate.

On the issue of whether the Plaintiff's due process rights were violated, you are not being asked to determine whether the prison official's determination finding him guilty of disciplinary rule violations was right or wrong.  Prison officials are entitled to deference in their determinations on how to run their facilities based upon their experience in such areas.   You may not substitute your judgment for that of the prison officials.  In assessing a threat to institutional safety, a prison administrator may consider the character of the inmate confined

in the institution, as well as his conduct during the hearing.   That determination is entitled to deference.

The issue before you, at least with regard to liability, is not whether you agree with the decision finding plaintiff guilty of disciplinary rules violations, but whether, in reaching that determination, Defendant denied Plaintiff his right to due process.

It is your sole province to assess the totality of the circumstances and determine if the Defendant denied Plaintiff of his due process rights by denying his right to an impartial hearing or his right to be present at the hearing for purposes of presenting a defense.   If you should find that the Defendant denied Plaintiff either of those rights, then you must find that the Plaintiff has satisfied the second element of his Section 1983 claim in that his federal rights were violated.   If you do not find those rights were violated, your verdict must be for the Defendant on this claim.

### THIRD ELEMENT – CAUSATION

The third element which the Plaintiff must prove as to each of his claims is that the Defendant's acts or omissions were a proximate cause of injuries sustained by the Plaintiff.   An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a

23

reasonably foreseeable consequence of that Defendant's act.   A proximate cause is a cause that produces an injury directly, or in a natural and continuous sequence of events, without interruption by any independent intervening cause.   A proximate cause is a cause that necessarily sets in operation the factors that accomplish the injury.   A proximate cause is a cause such that, if it were absent, the injury would not have occurred.   There does not have to be only one proximate cause. The acts or omissions of several persons might work together to cause an injury. In such a case, each of the acts or omissions would be a proximate cause.   For you to find that a particular act or omission is a proximate cause, however, you must find that the act or omission was more likely than not a substantial factor in causing the injury.   You are further instructed that a proximate cause need not always be the nearest cause either in time or space. Many factors or the conduct of two or more people or entities may operate at the same time either independently or together, to cause an injury.   However, in order to find any of the Defendants liable, your decision must be based solely on that specific Defendant's individual conduct. In other words, you may not hold a Defendant liable for any acts or omissions which you believe are attributable solely to some other person or entity, including other Defendants.

An intervening cause is attributed to someone other than the Defendants.

If you find that any of the Defendants were responsible for the Plaintiff's injuries, but that the acts or omissions of a third person, i.e., someone who is not a Defendant in this case, also contributed to causing the Plaintiff's injuries, then you have to decide whether the third person's acts or omissions were reasonably foreseeable. If under the circumstances a reasonably prudent person would have reasonably foreseen the third person's acts or omissions and protected against them, then that particular Defendant may be liable for the Plaintiff's injuries. If, however, a reasonably prudent person would not have foreseen the third person's acts or omissions and protected against them, then that Defendant is not liable for the Plaintiff's injuries.

### III. DAMAGES

I will now instruct you on the law of damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable. You must decide based on the evidence before you whether Plaintiff is entitled to recover from Defendants. If you find that Plaintiff has not sustained the burden of proving his case against Defendants, you should go no further in your deliberations. If you return a verdict for the Plaintiff, then you must consider the issue of damages.

## COMPENSATORY DAMAGES

If you return a verdict for the Plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the Defendants' conduct.

You shall award actual damages only for those injuries which you find that the Plaintiff has proven by a preponderance of the evidence.   Moreover, you shall award only those actual damages which you find that Plaintiff has proven by a preponderance of evidence to have been the direct result of the conduct by the Defendants in violation of Section 1983.   Actual damages must not be based on speculation or sympathy.   They must be based on the evidence presented at trial and only on that evidence.

Injuries include physical damage as well as pain, mental anguish, emotional distress, personal humiliation, and other such suffering.   For any particular incident, however, you may not award compensatory damages for mental or emotional injury if the Plaintiff has not proven that he suffered a physical injury. You should consider the injury that Plaintiff has already suffered as well as any such injury that Plaintiff will, with reasonable certainty, suffer in the future.

## NOMINAL DAMAGES

If you return a verdict for Plaintiff but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages on any of the claims, then you may return an award of nominal damages not to exceed one dollar.   Nominal damages may be awarded if you find that Plaintiff has been deprived by the Defendants of a constitutional right, but has not suffered any actual damage as a natural consequence of that deprivation.   Therefore, if you find that Plaintiff has suffered no injury as a result of the Defendants' conduct other than the fact of a constitutional deprivation, you may award nominal damages not to exceed one dollar.

## PUNITIVE DAMAGES

The damages I just discussed with you are called compensatory damages because they are intended to compensate the Plaintiff for the injury allegedly caused by the Defendants.    In addition, Plaintiff asks that you allow him punitive damages.   Punitive damages are allowed to punish a Defendant for his or her malicious or reckless act and thus to deter others from the commission of like offenses.    You may, but are not required to, allow the Plaintiff punitive damages if you find that the act of a particular Defendant causing the injury complained of was wanton and reckless.    An act is wanton and reckless when it is done in such

a manner and under such circumstances as to show an utter disregard for the consequences that such an act may have on the rights and safety of others.    The Plaintiff has the burden of proving by a fair preponderance of the credible evidence that the Defendants acted maliciously or wantonly with regard to Plaintiff's rights.

I instruct you, however, that even if the Plaintiff succeeds in proving that the Defendants acted maliciously or wantonly, an award of punitive damages is entirely discretionary - that is, even if the legal requirements for punitive damages are satisfied you may still decide not to award punitive damages.    In making this particular decision, you should consider the underlying purpose of punitive damages.    Punitive damages are awarded to punish a Defendant for outrageous conduct and to deter him and others like him from engaging in similar conduct in the future.    Thus, in deciding whether to award punitive damages, you should consider whether the Defendants may be adequately punished by an award of actual damages only or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.    You should also consider whether actual damages standing alone are likely to deter or prevent Defendants and others like them from engaging in the wrongful acts that may have been performed or whether punitive damages are necessary to provide deterrence.

If you decide to award punitive damages, we will reconvene for a further hearing so that you may consider the amount of personal assets and liabilities of the Defendant or Defendants in fixing the amount of punitive damages which you may opt to assess.

## IV. DELIBERATIONS AND VERDICT

The verdict must represent the considered judgment of each Juror.   In order to return a verdict, it is necessary that each Juror agree.   Your verdict must be unanimous.

It is your duty, as Jurors, to consult with one another and deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.   You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow Jurors.   In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow Jurors, or for the mere purpose of returning a verdict.

As to any notes which you may have been taking, your notes are to be used only as aids to your memory.   If your memory should be different from your notes, you should rely on your memory, and not on your notes.   If you did not

take notes, rely on your own independent memory of the testimony.   Do not be unduly influenced by the notes of other Jurors.   A Juror's notes are not entitled to any greater weight than the recollection of each Juror concerning the testimony.

Remember at all times that you are not partisans.   You are judges - judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.

It is proper to add the caution again that nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.   What the verdict shall be is your sole and exclusive duty and responsibility.

When you retire, you should elect one member of the Jury as your Foreperson. That person will preside over the deliberations and speak for you here in open court.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a Marshal signed by your Foreperson or by one or more members of the Jury.   No member of the Jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the Jury on any subject touching the merits of the case other than in writing or orally here in open court.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourselves in doubt concerning my instructions, it is your privilege to return to the courtroom to have the testimony or instructions read to you.   However, before requesting to have testimony re-read or to be re-instructed on any point of law, please draw upon your own recollections, both individually and collectively.

You will note from the oath that will be taken by the Marshal that he too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the Jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even the Court - how the Jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Your Foreperson will preside over your deliberations and will be your spokesperson here in Court.   A verdict form has been prepared for your convenience.   You will take this form to the jury room.

The verdict form is broken down into individual sections for each claim at issue in this trial.   Each section is labelled with a date.   The questions in each section relate only to the date identified at the top of that section.   The answer to each question must be the unanimous answer of the Jury.   Your foreperson will

31

write the unanimous answer of the Jury in the space provided under each question.

Upon reaching your unanimous verdict, the Foreperson will date and sign the verdict form and you will then return with it to the courtroom.

After you have reached your verdict, I may ask you to answer some additional factual questions on a form called "Special Interrogatories" to assist me in deciding a matter of law.

<u>Excuse Jury and ask Counsel if they have any objections to instructions</u>

32